**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IRANIAN AMERICAN LEGAL DEFENSE FUND,<br><br>*Plaintiff*,<br><br>v.<br><br>MARCO RUBIO, in his official capacity as Secretary of State, et al.,<br><br>*Defendants*. | Civil Action No. 26-2375-ACR |

**EMERGENCY MOTION FOR EXPEDITED DISCOVERY**

Plaintiff Iranian American Legal Defense Fund (IALDF) respectfully requests that the Court grant leave to conduct limited discovery prior to the evidentiary hearing to be scheduled on Plaintiff's motion for a stay and preliminary injunction. Limited discovery in advance of the hearing would promote judicial efficiency and provide both Plaintiff and this Court with information relevant to the merits of the stay and preliminary injunction motion. Plaintiff requests that the Court order Defendants to respond to the attached discovery requests no less than seven days before the evidentiary hearing. Counsel for the parties have conferred and the motion is opposed.

**BACKGROUND**

Plaintiff IALDF brought this lawsuit alleging that Defendants have a policy of providing confidential information about Iranian asylum seekers to the Iranian government in violation of 8 C.F.R. §§ 208.6 and 236.1(e). *See* Compl., ECF No. 1. This unlawful policy puts the lives and safety of Iranian asylum seekers at risk and poses similar risks to their family and associates back in Iran.

Plaintiff moved for a stay under 5 U.S.C. § 705 and for a preliminary injunction. ECF No. 9. Plaintiff offered three different types of evidence that the unlawful information-sharing policy exists: (1) declarations from Iranian asylum seekers whose confidential information had been shared with the Iranian government, *see* Rahnama Decl. B, ECF Nos. 9-4, 9-5; (2) a declaration from an IALDF board member who had been told by an official at the Iranian Interest Section that, since a meeting at the State Department in March 2025, the United States has been providing them with detained Iranians' immigration files, including confidential asylum information, *see* Mehri Decl., ECF No. 9-6; and (3) two New York Times articles that quote an Iranian official who had information about the asylum status of Iranian deportees that the United States sent back to Iran, *see* Farnaz Fassihi & Hamed Aleaziz, *U.S. Deports Planeload of Iranians After Deal With Tehran, Officials Say*, N.Y. Times, ECF No. 9-15; Farnaz Fassihi, *U.S. Deports Second Planeload of Iranians, Officials Say*, N.Y. Times, ECF No. 9-16.

Defendants opposed Plaintiff's motion. In support, Defendants provided a declaration from Noah Adams, an ICE official, denying that DHS has an agreement with the government of Iran to provide Iran with information protected by 8 C.F.R. §§ 208.6 and 236.1(e). *See* Adams Decl., ECF No. 23-2, ¶ 14. The Adams declaration is silent as to whether the State Department has such an agreement, or whether the United States has a policy of providing such information to the Iranian government, regardless of whether the policy is pursuant to an agreement between the two governments.

On August 5, 2026, the Court held a hearing on Plaintiff's motion for a stay and preliminary injunction. At the hearing, Defendants denied that the challenged policy exists but conceded that any such policy would be unlawful. Hrg. Tr., ECF No. 29, at 11:4–8, 27:13–23. The Court noted that it needed more information as to whether the policy exists. *Id.* at 41:10–11; *see id.* at 42:4–6

("So I need a lot more information before I issue a stay. I can't stay something I don't know exists."). The Court ordered an evidentiary hearing to take more evidence about the existence of the policy. *Id.* at 46:1–19, 47:24–49:11; *see* Minute Order of Aug. 5, 2026 (directing the parties to schedule an evidentiary hearing for a date in August or September). On August 6, 2026, Plaintiff's counsel contacted Defendants' counsel and proposed dates for the hearing. Defendants' counsel have indicated that they are consulting with the agencies regarding hearing dates.

**ARGUMENT**

"[D]istrict courts have broad discretion over the structure, timing, and scope of discovery." *Strike 3 Holdings, LLC v. Doe*, 964 F.3d 1203, 1208 (D.C. Cir. 2020). Courts in this district typically apply a "reasonableness approach" to determine whether to order expedited discovery. *AFL-CIO v. DOL*, 349 F.R.D. 243, 248 (D.D.C. 2025); *see New Mexico v. Musk*, 770 F. Supp. 3d 192, 198 (D.D.C. 2025); *Afghan & Iraqi Allies Under Serious Threat Because of Their Faithful Serv. to the U.S. v. Pompeo*, No. 18-cv-01388, 2019 WL 9598404, at *2 (D.D.C. Jan. 30, 2019). That approach considers "whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *AFL-CIO*, 349 F.R.D. at 248 (quoting *Guttenberg v. Emery*, 26 F. Supp. 3d 88, 97 (D.D.C. 2014)). Each of these factors weigh in favor of granting Plaintiff's motion for limited discovery.

First, there is a pending preliminary injunction motion. Mot. for Stay and Prelim. Inj., ECF No. 9. "Expedited discovery is particularly appropriate when a plaintiff seeks injunctive relief because of the expedited nature of injunctive proceedings." *New Mexico*, 770 F. Supp. 3d at 198 (quoting *Ellsworth Assoc., Inc. v. United States*, 917 F. Supp. 841, 844 (D.D.C. 1996)). This Court

ordered an evidentiary hearing to be scheduled for August or September, demonstrating the urgency of Plaintiff's request.

Second, the purpose of the requested discovery favors granting the motion. "Courts permit discovery 'narrowly tailored to reveal information related to the preliminary injunction,'" and "preliminary injunction proceedings are exactly the kind of circumstance warranting expedited discovery." *New Mexico*, 770 F. Supp. 3d at 199 (quoting *Guttenberg*, 26 F. Supp. 3d at 98). Further, when the existence or scope of a policy is unclear, the D.C. Circuit has recognized that district courts may use their discretion to order discovery "to ascertain the contours of the precise policy at issue." *Hispanic Affairs Project v. Acosta*, 901 F.3d 378, 388 (D.C. Cir. 2018). And the need for early discovery is heightened here because Defendants already have submitted one declaration and will present additional evidence and witnesses at the evidentiary hearing. "It would be strange to permit defendants to submit evidence that addresses critical factual issues and proceed to rule on a preliminary injunction motion without permitting plaintiff[] to explore those factual issues through very limited discovery." *AFL-CIO*, 349 F.R.D. at 250.

Third, the scope of the proposed discovery requests is quite narrow. At this juncture, Plaintiff does not seek leave to take depositions prior to the hearing and seeks to serve only limited written discovery. The proposed interrogatories and document requests are attached to this motion. *See* Exs. 1 and 2. These requests are limited and "reasonably tailored to the issues presented by Plaintiff['s] application for preliminary injunction." *Afghan & Iraqi Allies*, 2019 WL 9598404, at *2. Each of the discovery requests is narrowly targeted at gaining information about the key issue that this Court identified during the August 5, 2026, hearing: determining the existence and scope of the challenged policy. As a result, the requests are "sufficiently specific and narrowly tailored to obtaining injunctive relief." *New Mexico*, 770 F. Supp. 3d at 200.

Fourth, it will not be overly burdensome for Defendants to comply with the discovery requests. Complying with these limited discovery requests is not "any different from the typical burden of an expedited discovery request." *Afghan & Iraqi Allies*, 2019 WL 9598404, at *2. As discussed, Plaintiff does not seek depositions at this preliminary-relief stage, so Defendants do not have to coordinate any schedules. And the discovery requests largely overlap with the information that this Court ordered Defendants to produce at the evidentiary hearing, so requiring Defendants to provide documentation prior to the hearing will not be a substantial burden.

Finally, although Plaintiff acknowledges that this motion is filed in advance of the typical discovery process, this factor does not weigh heavily in this case. As discussed, Defendants concede that if the alleged policy exists, it is unlawful. *See* Hrg. Tr. at 27:13–23. And the Court has already explained that the threshold factual issue of whether the policy exists must be resolved to decide the pending motion for preliminary relief.

**CONCLUSION**

For the foregoing reasons, the Court should grant IALDF's motion and order Defendants to respond to the attached discovery requests no less than seven days before the evidentiary hearing.

Dated: August 14, 2026

Respectfully submitted,

/s/ Michael T. Kirkpatrick

Ali Rahnama (DC Bar No. 1032695)
Bardia Arasteh (pro hac vice pending)
Iranian American Legal Defense Fund
1901 Pennsylvania Ave NW, Ste. 900
Washington, DC 20006
(202) 339-1255
ali.rahnama@ialdf.org
barasteh@ialdf.org

Michael T. Kirkpatrick (DC Bar No. 486293)
Becca Steinberg (DC Bar No. 1736190)
(admitted pro hac vice)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-7728
mkirkpatrick@citizen.org
bsteinberg@citizen.org

*Attorneys for Plaintiff Iranian American Legal Defense Fund*