**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

IRANIAN AMERICAN LEGAL DEFENSE FUND,

*Plaintiff*,

v.

MARCO RUBIO, in his official capacity as Secretary of State, et al.,

*Defendants*.

Civil Action No. 26-2375-ACR

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS**

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff Iranian American Legal Defense Fund hereby submits the following Interrogatories to Defendants. Plaintiff requests that Defendants serve their answers, separately and fully in writing and under oath, upon the undersigned counsel for Plaintiff within thirty (30) days of service of these Interrogatories.

For the purpose of these Interrogatories only, Plaintiff has used the definitions and instructions set forth below.

## I. DEFINITIONS

As used in these Interrogatories:

1. "Agreement" means a contract, arrangement, or understanding, formal or informal, oral or written, between two or more persons.

2. "Any" means one or more, and shall be construed to include and encompass "all," and vice versa.

3. "Asylum seeker" means any Iranian national who has applied for, expressed an intention to apply for, or manifested a fear giving rise to a claim for, asylum, withholding of

removal under Section 241(b)(3) of the Immigration and Nationality Act, or protection under the Convention Against Torture, including any such person who is awaiting or has received a credible-fear or reasonable-fear determination.

4. "Communication" means any disclosure, transfer, or exchange of information or opinion, however made, whether oral, written, or electronic, and includes any transmittal or sharing of any Document.

5. "Credible-fear determination" and "reasonable-fear determination" mean the screening determinations conducted pursuant to 8 U.S.C. § 1225(b) and the regulations at 8 C.F.R. §§ 208.30 and 208.31, respectively.

6. "Defendants," "You," or "Your" means the United States Department of State, the United States Department of Homeland Security, United States Immigration and Customs Enforcement, and each other named defendant in this action, together with each of their respective components, divisions, offices, bureaus, sections, task forces, and field offices, and all present and former officials, officers, employees, agents, contractors, representatives, and, except as privileged, attorneys, and any other person acting or purporting to act on their behalf.

7. "Department of State" or "State Department" means the United States Department of State, including all of its bureaus, offices, posts, embassies, and personnel.

8. "DHS" means the United States Department of Homeland Security, including all of its components, offices, and personnel.

9. "Document" means any written, recorded, or graphic material of any kind, whether prepared by You or by any other person, that is in Your possession, custody, or control. The term includes agreements; contracts; letters; cables; telegrams; inter-office and intra-office communications; memoranda; reports; records; instructions; specifications; notes; notebooks;

diaries; calendars; logs; plans; drawings; diagrams; photographs; charts; graphs; descriptions; drafts, whether or not they resulted in a final document; minutes of meetings, conferences, and telephone or other conversations or communications; invoices; recordings; published or unpublished speeches or articles; publications; transcripts; talking points; guidance; directives; and printouts.

The term "Document" also includes electronically stored information ("ESI") of any kind, including email, instant messages, text messages, and messaging-application communications; voicemail; databases; and any data from which information can be obtained or translated into reasonably usable form, together with all metadata and all instructions and materials necessary to use or interpret such data. The term includes all drafts and all non-identical copies, including any copy bearing any notation, marking, or information not present on the original. Without limitation on the term "control," a Document is deemed within Your control if You have the right to secure the Document or a copy thereof from another person.

10. "Embassy of Pakistan" means the Embassy of the Islamic Republic of Pakistan in Washington, D.C., including its personnel, and, where applicable, the Iranian Interests Section housed therein.

11. "ICE" means United States Immigration and Customs Enforcement, including ICE Headquarters and its Enforcement and Removal Operations component, and all of its offices, field offices, detention facilities, and personnel.

12. "Identify" or "identity" means to state or a statement of:

a. in the case of a natural person, his or her name, last known business and home address, telephone number, email address, employer, and title or position, and, for any current or former officer or employee of the United States Government, the agency,

component, and office of employment and the dates of service in the relevant position, provided that, for any current officer or employee of the United States Government, business contact information may be provided in lieu of home address and personal telephone number;

b. in the case of a person other than a natural person, its name, the address of its principal place of business, its telephone number, and the name and title of its principal officer;

c. in the case of a communication, its date, its type or medium (e.g., in-person meeting, telephone call, email, letter, cable, or text message), the place or manner in which it occurred, the identity of the person who made it, the identity of each person who received it, the identity of each other person who was party to or present for it, and its subject matter;

d. in the case of a document, the type of document, its title, its author, its addressee and each recipient, its date, its present location and custodian, its subject matter, and its number of pages; and

e. in the case of a meeting, its date, its time, its place or manner (including whether it occurred in person, by telephone, or by videoconference), the identity of each person who participated in or was present for it, and its subject matter.

13. "Including" means including, but not limited to.

14. "Iranian Interest Section" (also "Iranian Interests Section" or "Interest Section") means the Iranian Interests Section of the Embassy of the Islamic Republic of Pakistan in Washington, D.C., which represents the interests of the Islamic Republic of Iran in the United States, including all of its officials, personnel, agents, and representatives.

15. "Person" means any natural person, corporation, company, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, department, bureau, office, or other business, governmental, or legal entity, whether domestic or foreign and whether public or private.

16. "Relating to" (and "related to," "concerning," or "regarding") means containing, constituting, concerning, discussing, describing, reflecting, evidencing, identifying, mentioning, referring, or pertaining to, in whole or in part.

17. "Relevant time period" means the period from March 1, 2025, through the date of Your response to these Interrogatories, unless a different period is specified in a particular interrogatory.

18. The singular form of a noun or pronoun shall be construed to include the plural, and vice versa; the masculine includes the feminine, and vice versa; the past tense includes the present tense where the clear meaning is not distorted; and "or" and "and" shall each be construed either disjunctively or conjunctively as necessary to bring within the scope of these Interrogatories all information or documents that might otherwise be construed to be outside their scope.

## II. INSTRUCTIONS

1. Unless otherwise specified, these Interrogatories seek information for the relevant time period, i.e., from March 1, 2025, through the date of Your response.

2. Where knowledge or information is requested, the request encompasses knowledge and information in the possession, custody, or control of You and Your components, offices, officials, employees, agents, representatives, and contractors, and, except as privileged, Your attorneys, or any other person who has such knowledge or information on Your behalf.

3. Each Interrogatory shall be answered separately and fully in writing under oath, pursuant to Federal Rule of Civil Procedure 33(b). If You cannot answer an Interrogatory fully, answer it to the fullest extent possible, state why it cannot be answered fully, and identify or describe all sources of more complete or accurate information.

4. Pursuant to Federal Rule of Civil Procedure 26(e), You are under a duty seasonably to supplement or correct any answer to these Interrogatories that You learn is in some material respect incomplete or incorrect, if the additional or corrective information has not otherwise been made known to Plaintiff during the discovery process or in writing.

5. For any Interrogatory or part of an Interrogatory that You decline to answer under a claim of privilege or protection (including the attorney-client privilege, the work-product doctrine, the deliberative-process privilege, or the law-enforcement privilege), identify the nature of the information withheld; state the nature and basis of each privilege or protection asserted and the Interrogatory to which the information is responsive; and provide information sufficient to permit the Court to assess the claim, consistent with Federal Rule of Civil Procedure 26(b)(5).

6. Answer each Interrogatory fully. If You object to any Interrogatory or any part thereof, state the grounds for the objection with specificity and answer the Interrogatory to the extent it is not objectionable.

7. To the extent that the answer to any Interrogatory may be determined by examining Your business records, and the burden of deriving the answer is substantially the same for Plaintiff as for You, You may answer pursuant to Federal Rule of Civil Procedure 33(d) by specifying the records from which the answer may be derived in sufficient detail to permit Plaintiff to locate and identify them as readily as You could, and by affording Plaintiff a reasonable opportunity to examine and copy those records.

8. For any record responsive or relating to these Interrogatories that is known to have been lost, destroyed, or is otherwise unavailable, identify each such record by author, addressee, date, number of pages, and subject matter, and explain in detail the circumstances leading to its loss, destruction, or unavailability, including its last known location and custodian.

9. Whenever an Interrogatory asks You to "identify" a person, communication, meeting, or document, provide all of the information specified for that category in the definition of "Identify" set forth above.

10. No agreement, understanding, or stipulation purporting to modify, limit, or otherwise vary these Interrogatories shall be valid or binding unless confirmed in writing (or made of record in open court) by a duly authorized representative of the party against whom it is asserted.

## III. INTERROGATORIES

1. Identify all individuals who participated in a meeting in March of 2025 at the State Department with any official of the Iranian Interest Section and identify the date of the meeting.

2. Identify all Defendants who participated in meetings or phone conversations with the Iranian Interest Section from March of 2025 to the present and identify the dates of the meetings or phone calls.

3. Identify all Defendants who transmitted documents or information regarding any Iranian asylum seeker to the Iranian Interest Section and the dates of those transmissions.

4. Identify all individuals involved in selecting the Iranian nationals who were (a) removed on the three charter flights to the Islamic Republic of Iran since September 2025 or (b) scheduled to be removed on a later flight.

5. Identify all individuals from the Iranian Interest Section who visited any ICE detention facility during 2025 and 2026, the date(s) of the visit(s), and the name and location of the facility.

6. Identify all individuals that Noah Adams spoke to, interviewed, or consulted — and each record, system, or database he reviewed — to prepare his declaration (ECF No. 23-2).

7. State whether, at any time on or after February 28, 2026 (the commencement of Operation Epic Fury), any official or agent of any Defendant communicated with, or transmitted any record or information to, the Iranian Interest Section or the Embassy of Pakistan concerning Iranian nationals in ICE custody or their removal, and identify each such communication or transmittal.

Respectfully submitted,

Dated: August 14, 2026

/s/ Ali Rahnama
Ali Rahnama (DC Bar No. 1032695)
IRANIAN AMERICAN LEGAL DEFENSE FUND
1901 Pennsylvania Ave NW, Ste. 900
Washington, DC 20006
Telephone: 202-271-1116
Email: arahnama@ialdf.org

Counsel for Plaintiff Iranian American Legal Defense Fund