**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IRANIAN AMERICAN LEGAL DEFENSE FUND,<br><br>*Plaintiff*,<br><br>v.<br><br>MARCO RUBIO, in his official capacity as Secretary of State, et al.,<br><br>*Defendants*. | Civil Action No. 26-2375-ACR |

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff Iranian American Legal Defense Fund requests that Defendants produce and permit inspection and copying of the documents described in this request. Production shall be made to the undersigned counsel for Plaintiff, or at a location and in a manner agreed upon by the parties, within thirty (30) days of service of this request.

For the purpose of these document requests only, Plaintiff has used the definitions and instructions set forth below.

## I. DEFINITIONS

As used in these document requests:

1. "Agreement" means a contract, arrangement, or understanding, formal or informal, oral or written, between two or more persons.

2. "Any" means one or more, and shall be construed to include and encompass "all," and vice versa.

3. "Asylum seeker" means any Iranian national who has applied for, expressed an intention to apply for, or manifested a fear giving rise to a claim for, asylum, withholding of removal under Section 241(b)(3) of the Immigration and Nationality Act, or protection under the Convention Against Torture, including any such person who is awaiting or has received a credible-fear or reasonable-fear determination.

4. "CAT" means the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, together with its implementing statutes and regulations.

5. "Communication" means any disclosure, transfer, or exchange of information or opinion, however made, whether oral, written, or electronic, and includes any transmittal or sharing of any Document.

6. "Credible-fear determination" and "reasonable-fear determination" mean the screening determinations conducted pursuant to 8 U.S.C. § 1225(b) and the regulations at 8 C.F.R. §§ 208.30 and 208.31, respectively.

7. "Defendants," "You," or "Your" means the United States Department of State, the United States Department of Homeland Security, United States Immigration and Customs Enforcement, and each other named defendant in this action, together with each of their respective components, divisions, offices, bureaus, sections, task forces, and field offices, and all present and former officials, officers, employees, agents, contractors, representatives, and, except as privileged, attorneys, and any other person acting or purporting to act on their behalf.

8. "Department of State" or "State Department" means the United States Department of State, including all of its bureaus, offices, posts, embassies, and personnel.

9. “DHS” means the United States Department of Homeland Security, including all of its components, offices, and personnel.

10. “Document” means any written, recorded, or graphic material of any kind, whether prepared by You or by any other person, that is in Your possession, custody, or control. The term includes agreements; contracts; letters; cables; telegrams; inter-office and intra-office communications; memoranda; reports; records; instructions; specifications; notes; notebooks; diaries; calendars; logs; plans; drawings; diagrams; photographs; charts; graphs; descriptions; drafts, whether or not they resulted in a final document; minutes of meetings, conferences, and telephone or other conversations or communications; invoices; recordings; published or unpublished speeches or articles; publications; transcripts; talking points; guidance; directives; and printouts.

The term “Document” also includes electronically stored information (“ESI”) of any kind, including email, instant messages, text messages, and messaging-application communications; voicemail; databases; and any data from which information can be obtained or translated into reasonably usable form, together with all metadata and all instructions and materials necessary to use or interpret such data. The term includes all drafts and all non-identical copies, including any copy bearing any notation, marking, or information not present on the original. Without limitation on the term “control,” a Document is deemed within Your control if You have the right to secure the Document or a copy thereof from another person.

11. “Embassy of Pakistan” means the Embassy of the Islamic Republic of Pakistan in Washington, D.C., including its personnel, and, where applicable, the Iranian Interests Section housed therein.

12. “ERO” means Enforcement and Removal Operations, a component of ICE.

13. "ICE" means United States Immigration and Customs Enforcement, including ICE Headquarters and its Enforcement and Removal Operations component, and all of its offices, field offices, detention facilities, and personnel.

14. "Identify" or "identity" means to state or a statement of:

a. in the case of a natural person, his or her name, last known business and home address, telephone number, email address, employer, and title or position, and, for any current or former officer or employee of the United States Government, the agency, component, and office of employment and the dates of service in the relevant position; provided that, for any current officer or employee of the United States Government, business contact information may be provided in lieu of home address and personal telephone number;

b. in the case of a person other than a natural person, its name, the address of its principal place of business, its telephone number, and the name and title of its principal officer;

c. in the case of a communication, its date, its type or medium (e.g., in-person meeting, telephone call, email, letter, cable, or text message), the place or manner in which it occurred, the identity of the person who made it, the identity of each person who received it, the identity of each other person who was party to or present for it, and its subject matter;

d. in the case of a document, the type of document, its title, its author, its addressee and each recipient, its date, its present location and custodian, its subject matter, and its number of pages; and

e. in the case of a meeting, its date, its time, its place or manner (including whether it occurred in person, by telephone, or by videoconference), the identity of each person who participated in or was present for it, and its subject matter.

15. "Including" means including, but not limited to.

16. "Iranian Interest Section" (also "Iranian Interests Section" or "Interest Section") means the Iranian Interests Section of the Embassy of the Islamic Republic of Pakistan in Washington, D.C., which represents the interests of the Islamic Republic of Iran in the United States, including all of its officials, personnel, agents, and representatives.

17. "Operation Epic Fury" means the operation, initiative, program, or course of conduct of that name referenced in the pleadings in this action, commenced on or about February 28, 2026, together with all activities conducted thereunder.

18. "Person" means any natural person, corporation, company, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, department, bureau, office, or other business, governmental, or legal entity, whether domestic or foreign and whether public or private.

19. "Relating to" (and "related to," "concerning," or "regarding") means containing, constituting, concerning, discussing, describing, reflecting, evidencing, identifying, mentioning, referring, or pertaining to, in whole or in part.

20. "Relevant time period" means the period from March 1, 2025, through the date of Your response to these document requests, unless a different period is specified in a particular document request.

21. "Third country" means any country other than the United States or the Islamic Republic of Iran, including the Central African Republic, Kuwait, and Qatar.

22. The singular form of a noun or pronoun shall be construed to include the plural, and vice versa; the masculine includes the feminine, and vice versa; the past tense includes the present tense where the clear meaning is not distorted; and "or" and "and" shall each be construed either disjunctively or conjunctively as necessary to bring within the scope of these document requests all information or documents that might otherwise be construed to be outside their scope.

## II. INSTRUCTIONS

1. Unless otherwise specified, the documents called for by these document requests are documents in Your possession, custody, or control that were prepared, sent, received, dated, in effect, or applicable at any time during the relevant time period, i.e., from March 1, 2025, through the date of Your response.

2. These document requests call for all responsive documents in the possession, custody, or control of You and Your components, offices, officials, employees, agents, representatives, and contractors, and, except as privileged, Your attorneys, or any other person from whom You have the right to secure the documents or copies thereof.

3. Pursuant to Federal Rule of Civil Procedure 26(e), You are under a duty seasonably to supplement or correct any response to these document requests that You learn is in some material respect incomplete or incorrect, if the additional or corrective information has not otherwise been made known to Plaintiff during the discovery process or in writing.

4. All documents that respond, in whole or in part, to any part of any paragraph of these document requests shall be produced in their entirety, including all attachments, enclosures, cover memoranda, and appendices. Documents that in their original condition were stapled, clipped, or otherwise fastened together shall be produced in that form. Please organize and label the documents produced to correspond with the paragraphs of these requests, or produce them as

they are kept in the usual course of business; if a document is responsive to more than one paragraph, indicate each paragraph to which it responds.

5. Electronically stored information shall be produced in its native format with all metadata intact or, where native production is not reasonably practicable, in a searchable electronic format (such as single-page image files accompanied by corresponding searchable extracted or OCR text and a load file containing standard metadata fields) that does not degrade the searchability of the documents as maintained in the ordinary course. Produce documents in color where color is reasonably necessary to interpret them.

6. For any document or portion of a document withheld under a claim of privilege or protection (including the attorney-client privilege, the work-product doctrine, the deliberative-process privilege, or the law-enforcement privilege), provide a privilege log that identifies the document by author, addressee, and each recipient, date, and number of pages; describes its subject matter in sufficient detail to permit assessment of the claim; specifies the nature and basis of each privilege or protection asserted and the paragraph(s) of these requests to which the document is responsive; and identifies each person to whom the document or its contents have been disclosed. *See* Fed. R. Civ. P. 26(b)(5).

7. If You redact any portion of an otherwise responsive document, produce the document in unredacted form to the extent it is not privileged, and state, both on the face of the document and in a redaction log, the specific basis for each redaction.

8. For any document responsive to these document requests that is known to have been lost, destroyed, or is otherwise unavailable, identify each such document by author, addressee, date, number of pages, and subject matter; state its last known location and custodian;

and explain in detail the events leading to its loss, destruction, or unavailability, including the date and manner of its disposition.

9. If You object to any document request or any part thereof, state the objection and its grounds with specificity and produce all documents responsive to the portion of the request to which You do not object.

10. No agreement, understanding, or stipulation purporting to modify, limit, or otherwise vary these document requests shall be valid or binding unless confirmed in writing (or made of record in open court) by a duly authorized representative of the party against whom it is asserted.

## III. DOCUMENTS REQUESTED

1. All documents or communications related to any meeting in March of 2025 at the U.S. State Department involving officials from the Iranian Interest Section pertaining in any way to Iranian nationals detained by ICE.

2. All communications by any Defendant with any official of the Iranian Interest Section about the removal of Iranian nationals to the Islamic Republic of Iran since March of 2025.

3. All documents or communications related to any meetings between Defendants and the Iranian Interest Section from March of 2025 to the present.

4. All documents regarding any Iranian asylum seeker that were shared by Defendants or U.S. governmental officials or employees with the Iranian Interest Section or officials of the government of Iran since March of 2025, including but not limited to court proceedings, transcripts of credible fear hearings, and any other information from which asylum status could be inferred.

5. All documents related to plans to remove Iranian nationals from the United States after the commencement of Operation Epic Fury, including removals to third countries.

6. All documents related to visits to ICE detention facilities by representatives of the Iranian Interest Section since March of 2025.

7. All documents supporting, referring, or relating to Defendants' responses to Plaintiff's Interrogatories.

8. All documents that Noah Adams reviewed, relied upon, or generated to prepare his declaration dated July 29, 2026 (ECF No. 23-2).

9. All records of communications — including emails, letters, cables, memoranda, text or messaging-application communications, calendar entries, meeting minutes, and visitor or delivery logs — between any officer or employee of the U.S. Government and the Iranian Interest Section or the Embassy of Pakistan concerning Iranian nationals in ICE custody or their removal, from March 1, 2025, to the present.

10. All guidance, directives, policies, protocols, talking points, or training materials concerning (a) communications or file-sharing with the Iranian Interest Section, or (b) the redaction or withholding of asylum-, withholding-, or CAT-related information when coordinating the removal of Iranian nationals.

Respectfully submitted,

Dated: August 14, 2026

/s/ Ali Rahnama
Ali Rahnama (DC Bar No. 1032695)
IRANIAN AMERICAN LEGAL DEFENSE FUND
1901 Pennsylvania Ave NW, Ste. 900
Washington, DC 20006
Telephone: 202-271-1116
Email: arahnama@ialdf.org

Counsel for Plaintiff Iranian American Legal Defense Fund