**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

IRANIAN AMERICAN LEGAL DEFENSE FUND,

*Plaintiff*,

v.

MARCO RUBIO, in his official capacity as Secretary of State, et al.,

*Defendants*.

Civil Action No. 26-2375-ACR

**NOTICE OF FACTUAL DEVELOPMENTS**

Plaintiff Iranian American Legal Defense Fund (IALDF) respectfully submits the following status update:

1. At the August 5, 2026, preliminary injunction hearing, the Court asked the Government whether Iranian asylum seekers were being removed to third-party countries. Hrg. Tr., ECF No. 29, at 5:19–20. Counsel for the Government said that he did not know the answer, and the Court asked him to find out that information. *Id.* at 5:21–24.

2. At that hearing, Plaintiff was aware of—and informed the Court about—at least one removal of an Iranian to a third-party country in June of 2026. *Id.* at 50:6–9.

3. The Court has ordered an evidentiary hearing on issues raised at the preliminary injunction hearing. Plaintiff has informed the Court of its availability. Defendants have not yet confirmed their availability.

4. Between August 26 and August 28, 2026, Plaintiff learned that the United States planned to remove at least eight Iranians to the Central African Republic (CAR).

5. At least six of these individuals had been granted withholding of removal, preventing their removal to Iran. At the time of their scheduled removal to CAR, those six individuals had either filed motions to reopen or reconsider their asylum cases or were in the process of filing.

6. Six of the Iranian chosen for removal were removed to CAR, and two were returned to detention in Adams County, Mississippi, due to Immigration and Customs Enforcement logistical delays.

7. Plaintiff filed habeas petitions on behalf of two of these asylum seekers in the Northern District of Texas and sought temporary restraining orders. The courts did not rule on the motions in advance of the removals, and the motions remain pending.

8. Plaintiff understands that the United States Government has previously allowed the Government of Iran to choose which Iranians would be removed.[1] Plaintiff does not know whether the Government of Iran was involved in selecting these eight individuals for removal.

9. Plaintiff also does not know what information the United States shared with Iran or CAR about these eight individuals.

10. Additionally, Plaintiff recently learned of Iranian nationals—including asylum seekers—who were scheduled to be on a deportation flight to Iran at the end of July 2026. That flight was cancelled only after hostilities resumed between the United States and Iran.

11. The continued deportations and threat of deportations of Iranian asylum seekers heightens the harms caused by any unlawful information sharing and highlights the urgency of this matter.

---

[1] Safiyah Riddle, *A quiet channel between ICE and Iran shaped deportation flights, newly released emails show* (Aug. 20, 2026), AP News, https://apnews.com/article/iran-immigration-deportation-flights-emails-97554a7ab9d1f33ca00700434dcae3df.

Dated: September 1, 2026

Respectfully submitted,

/s/ Becca Steinberg
Becca Steinberg (DC Bar No. 1736190)
(admitted pro hac vice)
Michael T. Kirkpatrick (DC Bar No. 486293)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000
bsteinberg@citizen.org
mkirkpatrick@citizen.org

Ali Rahnama (DC Bar No. 1032695)
Bardia Arasteh (pro hac vice pending)
Iranian American Legal Defense Fund
1901 Pennsylvania Ave. NW, Ste. 900
Washington, DC 20006
(202) 339-1255
ali.rahnama@ialdf.org
barasteh@ialdf.org

*Attorneys for Plaintiff Iranian American Legal Defense Fund*