UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IRANIAN AMERICAN LEGAL DEFENSE FUND,<br><br>Plaintiff,<br><br>v.<br><br>MARCO RUBIO, in his official capacity as Secretary of State, et al.,<br><br>Defendants. | Civil Action No. 26-2375 (ACR) |

**DEFENDANTS' PRE-MOTION NOTICE**

Pursuant to the Court's Order (Aug. 26, 2026), Defendants respectfully submit this notice of their intent to move to dismiss Plaintiff's complaint, *see* ECF No. 1, in its entirety under Federal Rules of Civil Procedure ("Rules") 12(b)(1) and 12(b)(6).[1]

Plaintiff Iranian American Legal Defense Fund ("the Fund") is "a non-partisan, nonprofit organization" which "provides pro bono immigration and asylum legal services through its legal-services team"; "[s]eeking release and protection for people of Iranian descent escaping from the country has been a priority of the IALDF, especially after the United States started mass deportation flights to Iran in late September 2025." Compl. (Dkt. 1) ¶ 6. The Fund broadly alleges

[1] This pre-motion notice is consistent with the Court's Standing Order and may prompt the Court to schedule a pre-motion conference to establish a briefing schedule for any motion resulting from this filing. As such, Defendants understand that the date for it to file the motion to dismiss under Federal Rule of Civil Procedure 12(b) discussed herein will be set by further order of the Court, that the filing of this Notice triggers the timing provisions of Rule 12(a)(4) such that Defendants' time to file a responsive pleading has been extended, and that Defendants have preserved the defenses identified in this notice for purposes of Rule 12(b). If Defendants' understanding is incorrect, Defendants respectfully moves to stay its initial response deadline pending further order of the Court to allow for the Standing Order's pre-motion procedures to conclude.

that beginning in or around March 2025, the United States Government and the Government of Iran entered into an agreement to facilitate the removal of Iranian nationals from the United States to Iran. *Id*. ¶¶ 22-25. To facilitate those removals, ICE officials allegedly met regularly with the Iranian Interests Section and have delivered immigration records of Iranians ordered removed. *Id*. ¶¶ 26-29. ICE has allegedly disclosed protected information. *Id*. ¶ 30.

The Fund brings a single claim under the Administrative Procedure Act ("APA"), alleging that "providing to the Iranian Government confidential information protected by 8 C.F.R. § 208.6 and 8 C.F.R. § 236.1(e)" is "contrary to law," "arbitrary and capricious," and "an abuse of discretion." *Id*. ¶¶ 61-63. The Fund asks this Court to enjoin the government from providing such confidential information, vacate the policy, appoint a special master to review ICE's files, provide notice to asylum seekers whose confidential information may have been released, enjoin the United States government from "deporting any Iranian ICE detainee," and other relief.

**ARGUMENT**

The Court must dismiss a case if it "lack[s] jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). "Rule 12(b)(1) presents a threshold challenge to the Court's jurisdiction . . . [and] the Court is obligated to determine whether it has subject-matter jurisdiction in the first instance." *Curran v. Holder*, 626 F. Supp. 2d 30, 32 (D.D.C. 2009) (internal citation and quotation marks omitted). Under Rule 12(b)(6), a court may dismiss a complaint for failure to state a claim. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

**I. <u>The Court Lacks Jurisdiction.</u>**

First, Plaintiff lacks standing. "Because [the Fund] seeks to raise the rights of third parties—the [Iranian detainees]—[it] must show that [it] has standing under Article III, *and* that

[it] satisfies third party, or *jus tertii*, standing requirements." *Lepelletier v. FDIC*, 164 F.3d 37, 42 (D.C. Cir. 1999). The Fund has not established a legally cognizable injury to itself. Its asserted injury is to its core activities – that the alleged policy has affected how the Fund delivers legal services. But the Supreme Court has rejected such an attenuated theory. *See FDA v. Alliance for Hippocratic Medicine*, 602 U.S. 367, 391-22 (2024). Nor can the Fund survive on its "substantial operational changes" theory. *Compare* PI Mem. (Dkt. 9-1) at 20 *with Food & Water Watch, Inc. v. Vilsack*, 808 F.3d 905, 920-21 (D.C. Cir. 2015). Nor can the Fund establish traceability, which is entirely based on speculation, and that is insufficient. *See Scenic Am., Inc. v. Dep't of Transportation*, 836 F.3d 42, 50 (D.C. Cir. 2016) (citation modified). On redressability, the Fund cannot succeed with perfunctory allegations about how the government's purported policy has caused structural changes and impacted the Fund's ability to provide legal advice. *See Coalition for Humane Rights v. Mullin* --- F.4th ---, 2026 WL 2317908, at *5 (D.C. Cir. Aug. 11, 2026) (rejecting similar theory in which an organization failed to show how a favorable order would "likely" redress the purported injuries).

Second, the INA bars review. Congress emphatically delineated that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien[.]" 8 U.S.C. § 1252(g). The Fund seeks to bar execution of unidentified orders of removal, and that is within the heartland of § 1252(g)'s bar. *See Hamama Homan*, 912 F.3d 869, 874 (6th Cir. 2018).; *Tazu v. Att'y Gen.*, 975 F.3d 292, 298 (3d Cir. 2020); *E.F.L. v. Prim*, 986 F.3d 959, 964 (7th Cir. 2021); *Camarena v. Director, Immigr. and Customs Enf.*, 988 F.3d 1268, 1274 (11th Cir. 2021); *Rauda v. Jennings*, 55 F.4th 773, 776–78 (9th Cir. 2022). Section 1252(a)(5) and (b)(9) also bar this Court from reviewing the Fund's claims. The Fund's allegations

regarding the conditions in Iran are precisely the type of claims the immigration courts were designed to adjudicate, and the courts of appeal to review. *See*, *e.g.*, *Riley v. Blanche*, --- F.4th ---, 2026 WL 1902557, at *6-11 (4th Cir. Jul. 2, 2026); *Dayo v. Holder*, 687 F.3d 653, 657 (5th Cir. 2012) ("Therefore, we join the Second and Fourth Circuits in concluding that although a breach of confidentiality caused by violating 8 C.F.R. § 208.6 does not always require vacating the order of removal, the applicant must be permitted to use the breach for a new claim for asylum, withholding of removal, and relief under the CAT."); *Anim v. Mukasey*, 535 F.3d 243, 253 (4th Cir. 2008) ("if an asylum applicant's confidentiality has been breached in violation of § 208.6, the applicant must be given the opportunity to establish a new claim for asylum, withholding of removal, or relief under CAT based on the breach"); *Lin v. Dep't of Just.*, 459 F.3d 255, 267-68 (2d Cir. 2007) (same). Finally, § 1252(f)(1) bars the categorical enjoining of removal orders because lower federal courts lack "jurisdiction or authority to enjoin or restrain the operation" of certain INA provisions— including the removal provisions in 8 U.S.C. § 1231—"other than with respect to the application of such provisions to an individual alien" in removal proceedings. 8 U.S.C. § 1252(f)(1); *see also N.S. v. Dixon*, 141 F.4th 279, 289 (D.C. Cir. 2025).

## II. <u>**Plaintiff's APA Claims Are Not Viable.**</u>

The Fund cannot succeed in its APA challenge because it has cobbled together various governmental actions to concoct a final agency action. But a party cannot seek "'wholesale' improvement to agency operations under the APA by bundling together a collection of discrete actions, presenting them as facets of a single event, and then challenging that event instead of the individual actions." *Assoc. for Ed. Finance & Policy, Inc. v. McMahon*, 786 F. Supp. 3d 13, 23 (D.D.C. 2025) (citation modified).

## CONCLUSION

Accordingly, Defendants respectfully request leave to file a motion to dismiss the Complaint in its entirety.

Dated: September 8, 2026
Washington, D.C.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: *s/ Dhruman Y. Sampat*

DHRUMAN Y. SAMPAT
DIMITAR P. GEORGIEV
Assistant United States Attorneys
601 D Street, NW
Washington, DC 20530
(202) 252-2500 (main)

*Attorneys for the United States of America*