**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IRANIAN AMERICAN LEGAL DEFENSE FUND,<br><br>*Plaintiff*,<br><br>v.<br><br>MARCO RUBIO, in his official capacity as Secretary of State, et al.,<br><br>*Defendants*. | Civil Action No. 26-2375-ACR |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' PRE-MOTION NOTICE**

Pursuant to the Court's Standing Order, Plaintiff Iranian American Legal Defense Fund (IALDF) responds to Defendants' notice of their intent to move to dismiss IALDF's complaint under Rules 12(b)(1) and 12(b)(6).

**BACKGROUND**

IALDF brought this action under the Administrative Procedure Act (APA) seeking vacatur of Defendants' policy of providing the Iranian government information about Iranian asylum seekers that is protected by 8 C.F.R. §§ 208.6 and 236.1(e). *See* Compl., ECF No. 1. IALDF moved for a stay under 5 U.S.C. § 705 and for a preliminary injunction. ECF No. 9. On August 5, 2026, the Court held a hearing on IALDF's motion. Defendants denied that the challenged policy exists but conceded that such a policy would be unlawful. Hrg. Tr., ECF No. 29, at 11:4–8, 27:13–23. Defendants' sole supporting declaration, however, asserts only that the Department of Homeland Security does not have an agreement with the government of Iran to provide it with protected information. *See* Adams Decl., ECF No. 23-2, ¶ 14. Importantly, the Adams declaration says nothing about whether the *State Department* has such an agreement, and it is silent as to

whether any Defendant has a *policy* of providing such information to the Iranian government. The Court has scheduled an evidentiary hearing for October 15, 2026, to hear testimony about the existence of the policy. *See* Hrg. Tr., ECF No. 29, at 46:1–19, 47:24–49:11.

Defendants have indicated that their anticipated motion to dismiss will argue that 1) IALDF lacks standing; 2) the Immigration and Nationality Act (INA) bars review; and 3) the challenged policy does not constitute final agency action. None of these arguments have merit.

**ARGUMENT**

IALDF has already explained why Defendants' jurisdictional arguments lack merit. *See* Reply, ECF No. 24, at 7–18. IALDF has standing because the challenged policy impairs its work of providing confidential legal services to asylum seekers. In this regard, *O.A. v. Trump*, 404 F. Supp. 3d 109 (D.D.C. 2019), is on all fours with this case. There, the challenged rule "would frustrate [the organizational plaintiffs'] mission of providing direct legal services to asylum seekers," and the plaintiffs provided declarations showing how the rule would impose increased costs and increase the amount of time required for the organizational plaintiffs to provide legal services. *Id.* at 143. The same is true here: IALDF has alleged facts supporting its claims that the challenged policy requires IALDF to commit substantial extra time and resources to provide its legal services. *See* Compl, ECF No. 1, ¶¶ 55–58.

The INA also does not bar review. Defendants rely on four provisions of the INA, but none is relevant. First, 8 U.S.C. § 1252(g) does not apply for two reasons: IALDF "is not a noncitizen in or facing removal proceedings" and IALDF "challenges a policy rather than any decision to commence, adjudicate, or execute removal." *Coal. for Indep. Tech. Rsch. v. Rubio* (*CITR*), No. 26-cv-815, 2026 WL 2030770, at *12–13 (D.D.C. July 14, 2026); *see Reno v. Am. Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999). Next, neither § 1252(a)(5) nor (b)(9)

apply because IALDF does not seek review of any removal order. *See O.A.*, 404 F. Supp. 3d at 129. Further, § 1252(f)(1) cannot strip this court of jurisdiction because this provision "does not speak to the Court's *jurisdiction*" at all—it simply limits what relief is available. *CITR*, 2026 WL 2030770, at *14.

Finally, IALDF has stated a claim under § 706(2)(A) of the APA because adoption of a policy of providing to the Iranian Government confidential information protected by 8 C.F.R. §§ 208.6 and 236.1(e)—which Defendants concede would be contrary to law—constitutes "final agency action." Agency action is final where it (1) marks the consummation of the agency's decisionmaking process and (2) is an action by which rights or obligations have been determined or from which legal consequences flow. *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997). Defendants' new policy satisfies both requirements because it "marks the consummation of the agency's decisionmaking," *NRDC v. Wheeler*, 955 F.3d 68, 80 (D.C. Cir. 2020), and it "alter[s] the legal regime to which the agency action is subject," *Bennett*, 520 U.S. at 178. Before the change in policy, Defendants kept confidential the information in the immigration files of Iranian asylum seekers. Now, they do not. This change in policy has "direct and appreciable legal consequences." *Id.*; *see Las Americas Immigrant Advoc. Ctr. v. Wolf*, 507 F. Supp. 3d 1, 35 (D.D.C. 2020) (holding that policies that directly and immediately affect plaintiffs "unquestionably qualify as 'final agency action' for the purpose of section 704 of the APA").

Defendants' assertion that IALDF seeks a wholesale improvement of agency operations by bundling together a collection of discrete actions, *see* Defs.' Notice, ECF 37 at 4 (citing *Assoc. for Ed. Finance & Policy, Inc. v. McMahon*, 786 F. Supp. 3d 13, 23 (D.D.C. 2025)), is based on a fundamental misunderstanding of IALDF's claim. IALDF challenges a single and specific agency policy that easily satisfies the *Bennett* requirements. Courts routinely recognize that a policy is

still a single agency action even if it has applications across many individual cases. *See, e.g.*, *Escobar Molina v. DHS*, 811 F. Supp. 3d 1, 42–43 (D.D.C. 2025); *Aracely R. v. Nielsen*, 319 F. Supp. 3d 110, 138 (D.D.C. 2018). The policy challenged here is no different.

## CONCLUSION

If Defendants file their proposed motion to dismiss, it should be denied.

Dated: September 10, 2026

Respectfully submitted,

/s/ Michael T. Kirkpatrick
Michael T. Kirkpatrick (DC Bar No. 486293)
Becca Steinberg (DC Bar No. 1736190)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-7728
mkirkpatrick@citizen.org
bsteinberg@citizen.org

Ali Rahnama (DC Bar No. 1032695)
Bardia Arasteh (pro hac vice pending)
Iranian American Legal Defense Fund
1901 Pennsylvania Ave NW, Ste. 900
Washington, DC 20006
(202) 339-1255
ali.rahnama@ialdf.org
barasteh@ialdf.org

*Attorneys for Plaintiff Iranian American Legal Defense Fund*