UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IRANIAN AMERICAN LEGAL DEFENSE FUND,<br><br>Plaintiff,<br><br>v.<br><br>MARCO RUBIO, in his official capacity as Secretary of State, et al.,<br><br>Defendants. | Civil Action No. 26-2375 (ACR) |

**DEFENDANTS' RESPONSE TO THE COURT'S ORDER**

Defendants respectfully respond to the Court's Sealed Order (Dkt. 45), directing Defendants to justify "its request that the transcript of the *ex parte* hearing remain under seal." As explained further below, Defendants withdraw their request that any part of the October 15, 2026, hearing transcript remain under seal.

On Thursday, October 22, 2026, at 9:04 p.m., undersigned government counsel received an unredacted copy of the October 15, 2026, hearing. Since then, the government has reviewed the portion of the transcript that is currently under seal. Oct. 15, 2026, Hr'g Tr. at 8:19-21:11. The government withdraws its request that the transcript of the *ex parte* hearing remain under seal. Public release of specific plans to remove individuals to the Islamic Republic of Iran could jeopardize operational security and may affect the foreign policy or national security interests of the United States. *See United States v. Hubbard*, 650 F.2d 293, 317-25 (D.C. Cir. 1980) (discussing factors for sealing court records, including preserving "the integrity of the law enforcement process").

A review of the transcript reveals that no such operational details were discussed, and that the government only notified the Court in general terms of its intent to execute lawful removal orders. *See* 8 U.S.C. § 1231(a)(1)(A) ("when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days"). Should the Court in the future require the disclosure of specific removal plans, the government respectfully requests the opportunity to review whether such information should be provided to the Court under seal or *ex parte*, and to brief the Court of the bases for doing so.

For the same reasons, Defendants at this time do not object to the Court unsealing the related sealed filings, *see* Sealed *Ex Parte* Order (Dkt. 45); Sealed Motion (Dkt. 46); Sealed Document (Dkt. 47); Sealed *Ex Parte* Order (Dkt. 48); and Sealed Motion (Dkt. 51), including this response. Defendants also intend to file a subsequent notice on the docket that includes the *ex parte* communications with the Court. *See In re Nat'l Broad. Co.*, 653 F.2d 609, 613 (D.C. Cir. 1981) (recounting that the public's "common law right to inspect and copy judicial records [to be] indisputable").

Defendants request that the Court maintain the November 3, 2026, Ex Parte Notice (Dkt. 50) under seal, for operational security reasons. That notice contains operational specifics that the Court already indicated it would not permit to be released. Oct. 15, 2026, Hr'g Tr. at 12 ("MR. GEORGIEV: So, at minimum there's an operational security, when these plans are still in development, if it becomes known that it would -- that those plans would come to fruition on a particular date or a particular time, that raises the risk to the flights, to the individuals -- THE COURT: Okay. But, obviously, I'm not going to allow that to get out.").

At bottom, Defendants do not object to the unsealing and public release of the transcript from the October 15, 2026, hearing.

Dated: November 4, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: *\/s/ Dimitar P. Georgiev*

DIMITAR P. GEORGIEV, D.C. Bar # 1735756
DHRUMAN Y. SAMPAT
Assistant United States Attorneys
601 D Street, NW
Washington, DC 20530
(202) 252-2500 (main)

*Attorneys for the United States of America*