**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IRANIAN AMERICAN LEGAL DEFENSE FUND,<br><br>Plaintiff,<br><br>v.<br><br>MARCO A. RUBIO, in his official capacity as Secretary of State, *et al.*,<br><br>Defendants. | Civil Action No. 26-2375 (ACR) |

**PLAINTIFF'S NOTICE OF APPARENT VIOLATION OF THE COURT'S OCTOBER 15, 2026, ORDER (DKT. 45)**

Plaintiff respectfully submits this notice to ensure the Court has the following information.

1. Plaintiff learned on the evening of Saturday, November 7, 2026, from the U.S.-citizen wife of an Iranian national in ICE custody, that ICE will remove eleven Iranian nationals—ten men and one woman—from the United States at approximately 4:00 a.m. on Sunday, November 8, 2026, on a flight to Islamabad, Pakistan, with a refueling stop in Georgia (the country) and onward transfer to the Islamic Republic of Iran on Tuesday, November 10. Declaration of JO ("Decl.") (Ex. 1) ¶¶ 6–9. The individuals have been issued 15-day temporary visas to Pakistan. *Id.* ¶ 7.

2. The declarant's husband learned these details in person on November 6, 2026, when an official of the Iranian government met with him and six other detained men at a detention facility in Arizona, announced the schedule, and, on request, showed him the flight list bearing his name and the names of ten other Iranian nationals. *Id.* ¶¶ 5–8. He has been in ICE custody since October 28, 2025, and was transferred from Georgia to Louisiana on October 28, 2026, and then to Arizona on November 1, 2026. *Id.* ¶ 3.

3. Events accelerated overnight. At 10:39 p.m. on November 7, 2026, ICE's Enforcement and Removal Operations eFile system issued a "Detainee Transfer" notification for the declarant's husband to his accredited representative, listing the Florence Service Processing Center as his detention location. Declaration of Yasmine Chubin ("Chubin Decl.") (Ex. 2) ¶¶ 10–11 & Attach. A. At approximately 11:00 p.m., in a text exchange with his representative's office, the declarant reported that her husband had just called to say that ICE was at that moment moving him and other Iranian detainees from the Florence Service Processing Center to Mesa, Arizona; he could speak for only a few minutes, and she understood that approximately ten or eleven Iranian nationals were involved. *Id.* ¶ 12. Mesa is the site of the Phoenix–Mesa Gateway Airport which is used as a staging site by ICE for removals.

4. Independent sources corroborate an imminent, coordinated removal. A volunteer who has met weekly with an Iranian national detained at the Eloy Detention Center states in a signed declaration that the detainee reported being contacted by the Iranian embassy to coordinate his removal on a charter flight initially indicated for mid-November; that on November 2 the detainee said the flight had likely been moved forward and the meeting might be their last; that the embassy had indicated thirteen individuals would be on the flight; and that the routing would run from Arizona to the country of Georgia, then through Egypt to Pakistan, where the individuals would receive visas before transfer to Iran. Chubin Decl. ¶¶ 13–16 & Attach. B.

5. In a parallel matter, an Assistant United States Attorney explained to counsel for another Iranian national facing removal, citing a deportation officer, that the removal would occur in two stages—first a flight to Pakistan, followed by a second flight to Iran—and counsel's written reply confirms that her client had been told by ICE that his destination was Iran, not Pakistan. Chubin

Decl. ¶¶ 17–19 & Attach. C. That correspondence underscores that the planned flight is a removal to Iran—not a third-country removal.

6. The Court's October 15, 2026 Order requires the Government to provide the Court "five business days' written advance notice prior to removing any Iranian individual present in the United States to Iran or to a third country where Iran, or any official acting on behalf of Iran, will later coordinate the individual's travel to Iran," and directs that the Order "be read broadly to include any removal of Iranians that could result in those individuals being sent to Iran." Dkt. 45 at 1. Defendants describe the obligation the same way. Dkt. 51 at 1.

7. The most recent written notice reflected on the docket is Defendants' *ex parte* notice filed Tuesday, November 3, 2026. Dkt. 50; *see* Dkt. 52 at 2. Five business days from November 3 are November 4, 5, 6, 9, and 10. *See* Fed. R. Civ. P. 6(a)(1), (a)(6); 5 U.S.C. § 6103(a) (November 11 is the Veterans Day holiday). A removal beginning at 4:00 a.m. on Sunday, November 8 would follow only three business days' notice. Plaintiff has not seen Dkt. 50 and therefore cannot know whether the removal described above is the one there noticed; the Court can make that comparison *in camera*.

8. Defendants' pending Motion to Dissolve (Dkt. 51) remains unbriefed and undecided, and no stay of Dkt. 45 has been sought or entered. *See* Minute Order (Nov. 5, 2026); Dkt. 54.

9. At 8:28 p.m. on November 7, 2026, counsel for Plaintiff emailed counsel for Defendants, describing the reported flight, setting out the computation in paragraph 7 above, and asking Defendants to confirm that no Iranian national will be removed to Iran before the notice period required by Dkt. 45 has run. As of the filing of this notice, Defendants' counsel had not responded.

10. Plaintiff submits this notice consistent with the parties' practice of apprising the Court of material developments, *see* Dkt. 36 (Plaintiff); Dkt. 47 (Defendants), and so that the Court may

take whatever action, if any, it deems appropriate with respect to compliance with its Order. Should the Court wish to hear from the parties, counsel for Plaintiff are available for a telephonic conference at any hour. Although this filing is not a motion, Plaintiff is following Standing Order § 3's after-hours procedure by contemporaneously notifying Chambers by email and telephone and has provided a copy of this notice to Defendants' counsel by email.

11. Plaintiff reserves all rights, including to seek appropriate relief regarding compliance with Dkt. 45 and, if a removal proceeds, regarding the return of any individual removed. *See* Dkt. 51 at 7–8 (Defendants: removed individuals "can be afforded effective relief by facilitation of their return" (quoting *Nken v. Holder*, 556 U.S. 418, 435 (2009))).

Dated: November 8, 2026

Respectfully submitted,

/s/ Ali Rahnama
Ali Rahnama
Bardia Arasteh (admitted pro hac vice)
IRANIAN AMERICAN LEGAL DEFENSE FUND
1901 Pennsylvania Avenue NW, Suite 900
Washington, DC 20006
(202) 271-1116
ali.rahnama@ialdf.org
barasteh@ialdf.org

Michael T. Kirkpatrick
Becca Steinberg (admitted pro hac vice)
PUBLIC CITIZEN LITIGATION GROUP
1600 20th Street NW
Washington, DC 20009
mkirkpatrick@citizen.org
bsteinberg@citizen.org

*Counsel for Plaintiff*

**INDEX OF EXHIBITS**

Exhibit 1 — Declaration of JO (Nov. 7, 2026)
Exhibit 2 — Declaration of Yasmine Chubin (Nov. 8, 2026), with Attachments A–C

**CERTIFICATE OF SERVICE**

I hereby certify that on November 8, 2026, I caused the foregoing notice and its exhibits to be filed with the Clerk of Court via the CM/ECF system, which will send notice of the filing to all counsel of record, and additionally caused copies to be sent by email to counsel for Defendants.

/s/ Ali Rahnama
Ali Rahnama